Ernest Badway, Esquire (EB 0105)
**FOX ROTHSCHILD LLP**
100 PARK AVENUE, SUITE 1500
NEW YORK, NY 10017
(212) 878-7900 (TEL)
(212) 692-0940 (FAX)
E-Mail: ebadway@foxrothschild.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x



OOO SINCERITE,
OOO ALCOHOL BRANDS DISTRIBUTION, CO.,
CORDELL INTERNATIONAL GROUP, LTD.,
I.N.A.M. MODERNE TECHNOLOGIEN GMBH

                                    Plaintiffs,

            -against-                              **COMPLAINT AND
                                                    DEMAND FOR JURY TRIAL**

CONSTELLATION BRANDS, INC,
CONSTELLATION WINES US
CONSTELLATION EUROPE LIMITED

                        Defendants.

------------------------------------------------------------------x

        Plaintiffs, by and through their undersigned counsel and pursuant to Fed.R.Civ.P. 8(a)(2) file

this Complaint against the Defendants herein and, in support of the Complaint, aver as follows:

## JURISDICTION AND VENUE

        1.      This Court has original subject matter jurisdiction over all claims pursuant to 28

U.S.C. §§ 1331.

        2.      This Court has personal jurisdiction over the Defendant inasmuch as Defendant is a

business corporation incorporated under the laws of the State of New York.

        3.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) in that a

substantial part of the events or omissions giving rise to the claims herein occurred in this District, a

substantial part of the property that is the subject of the action is situated in this District, and Defendants have sufficient contacts with this District such that Defendants may be found here.

## THE PARTIES

4.      Plaintiff **OOO Sincerite** ("Sincerite") is a limited liability company organized under the laws of the Russian Federation with a principal place of business located at 31 Iskri Street, Building 1, Moscow, Russian Federation 109382.

5.      Plaintiff **OOO Alcohol Brands Distribution Company** ("ABD") is a limited liability company organized under the laws of the Russian Federation with a principal place of business at No. 58 Dimitrovsokoe Shosse, Building 32, Moscow, Russian Federation 127238.

6.      Plaintiff **I.N.A.M. Moderne Technologien GmbH** ("INAM")  is a German company with a principal place of business at Wolfener Str. 32-34, Haus OD-12681 Berlin, Germany.

7.      Plaintiff **Cordell International Group, Ltd.** ("Cordell") is a corporation organized under the laws of the British Virgin Islands with a registered office at P.O. Box 3321, Road Town, Tortola, British Virgin Islands.

8.      Sincerite, ABD, INAM and Cordell are referred to, from time to time, as "Plaintiffs" and/or as the "Sincerite Plaintiffs".

9.      Defendant **Constellation Brands, Inc.** ("Constellation") is a Delaware corporation with a principal place of business at 207 High Point Drive, Building 100, Victor, NY 14564. Constellation is a producer and distributor of liquors and wines.  Constellation is comprised of subsidiaries and/or affiliates which operate under the Constellation name and which are referred to as "Constellation Brand" companies.

-2-

10. Defendant **Constellation Wines US** ("CWUS") is New York corporation with a principal place of business at 207 High Point Drive, Building 100, Victor, NY 14564. CWUS is a subsidiary of Constellation.

11. Defendant **Constellation Europe Limited** ("CEL") is a company incorporated under the laws of the England with a registered office at Constellation House, the Guildway, Old Portsmouth Road, Guildford, Surrey, England GU3 1LR.

12. Constellation, CWUS and CEL are referred to, from time to time, as "Defendants" or as the "Constellation Defendants". At all times relevant the Constellation Defendants acted as each other's agents (both actual and ostensible) with respect to the unlawful conduct described herein.

## OPERATIVE FACTS

13. Constellation is a Fortune 1000 company traded on the New York Stock Exchange under the symbol: (STZ). Constellation is one of the world's largest producers and distributors of liquor brands and wines.

14. Constellation produces and distributes its products internationally through various Constellation Brands divisions and companies, including, without limitation, CWUS and CEL.

15. Sincerite is a Russian company organized for the purpose of importing and distributing alcoholic beverages into Russia.

16. From approximately 2000, Sincerite, in its own right and/or by and through the Sincerite Plaintiffs, imported and distributed a variety of spirits which were then owned by Barton Brands, Ltd. ("Barton"), formerly a division of a since-divested subsidiary of Constellation known as Constellation Spirits, Inc. ("CSI"), in the territory of the Russian Federation, with a particular emphasis on the distribution of Black Velvet, a Canadian-style whisky.

-3-

17.     The liquor brands included, without limitation: (1) Black Velvet and Black Velvet Reserve brands of Canadian whiskey; (2) Highland Mist, a brand of Scotch whiskey; (3) Di Amore, a brand of cordial liquors; (4) Montezuma and Monte Alban brands of tequila; and (5) Svedka brand of vodka; (referred to collectively as the "Liquor Brands").

18.     In or around 2000, when the distributorship relationship was first formed, the aforementioned Liquor Brands and, in particular, the Black Velvet label, were virtually unknown in Russia. Between 2000 and 2008, the Sincerite Plaintiffs invested substantial time, money and resources into marketing and promoting the Liquor Brands and, in particular, the Black Velvet label, as a premium brand of Canadian whiskey.

19.     Between 2000 and March 1, 2008, the Sincerite Plaintiffs dutifully imported, promoted and sold the Liquor Brands in the territory of the Russian Federation without objection or complaint from the Constellation Defendants.

20.     In or around March 1, 2008, Constellation formally changed Barton's name to Constellation Spirits, Inc.

21.     The acquisition and accompanying name did not change or affect in any way the business relationship between Barton and the Sincerite Plaintiffs.

22.     The verbal distribution agreement pursuant to which the Sincerite Plaintiffs imported, marketed and sold the Liquor Brands continued unimpaired by the acquisition and name change.

23.     Between March 1, 2008 and January 12, 2009, the Sincerite Plaintiffs dutifully imported, promoted and sold the Liquor Brands in the territory of the Russian Federation without objection or complaint from the Constellation Defendants.

24.     On or about January 12, 2009, the Constellation Defendants elected to sell a number of brands in its spirits portfolio to Sazerac Company, Inc. ("Sazerac"). A true and correct copy of

-4-

the January 12, 2009 press release issued by Constellation regarding the sale is attached hereto as Exhibit "A".

25.     By email sent on January 13, 2009, the Constellation Defendants assured the Sincerite Plaintiffs that the transaction "is not anticipated to impact the business of the brands that Constellation is retaining which includes Svedka Vodka, Black Velvet and Black Velvet Reserve." A true and correct copy of that email is attached hereto as Exhibit "B".

26.     With regard to the three (3) aforementioned brands, which were the most popular of the Liquor Brands, Constellation requested that the Sincerite Plaintiffs "continue to manage our business and brands on a 'business as usual' basis." See, Exhibit "B".

27.     By letter dated January 14, 2009, Constellation announced that the Black Velvet Brand spirits would be transferred to a portfolio maintained by a newly formed affiliate Constellation Spirits and Specialty Wines ("CSSW"), a division of Constellation Brands, Inc. A true and correct copy of that January 14, 2009 letter is attached hereto as Exhibit "C".

28.     With regard to the brands retained by Constellation, by letter dated January 14, 2009, the Constellation Defendants announced that "the terms of your current distributor agreement with CSI for the representation of these brands will be adopted by CSSW as the contractual basis of your on-going relationship with respect to the retained brands". *See* Exhibit "C".

29.     In the same letter, the Constellation Defendants affirmatively represented that they were committed to "aggressively building our business on Black Velvet, SVEDKA and the balance of our retained brands." Exhibit "C" at p.2.

30.     In reliance upon the Constellation Defendants' representations, the Sincerite Plaintiffs continued to aggressively promote the retained liquor brands and, in particular, spirits bearing the Black Velvet label.

-5-

31.    In reliance upon the Constellation Defendants' representations, the Sincerite Plaintiffs continued to expend significant moneys, time and resources to position Black Velvet as a premium brand of Canadian whiskey as among Russian consumers and liquor retail outlets.

32.    In reliance upon the Constellation Defendants' representations, the Sincerite Plaintiffs dutifully imported, promoted and sold the remaining Liquor Brands in the territory of the Russian Federation without objection or complaint from the Constellation Defendants.

33.    By reason of the Sincerite Plaintiffs' efforts, the Constellation Defendants' products were introduced into the X-5 chain of stores. The X-5 stores are owned and operated by X5 Retail Group, N.V., the largest retail company in the Russian Federation with annual sales of approximately USD 1.2 Billion Dollars.

34.    To secure shelf space within the X5 chain, the Sincerite Plaintiffs paid a significant listing fee of approximately $100,000. The Constellation Defendants were informed of the listing fee and a request was made upon them to contribute to the investment which was expected to generate significant additional sales. The Constellation Defendants refused to contribute to the investment in any meaningful manner and assured the Sincerite Plaintiffs that they would recoup the investment made into the X5 opportunity (as well as other similar opportunities) through future sales.

35.    In addition to aggressively promoting the Black Label brand, the Sincerite Plaintiffs, in direct reliance upon the Constellation Defendants' representations, agreed to expand the scope of their distributorship and to incur additional costs associated with the aforesaid expansion.

36.    In particular, In July 2009, the Constellation Defendants expressed an interest in distributing a Paul Masson line of brandies in the territory of the Russian Federation.

-6-

37.     Paul Masson was generally not considered a premium liquor brand in the United States. However, the Constellation Defendants hoped that through effective marketing, advertising and product packaging, Paul Masson brandy could be positioned as a "high end" or premium "Western" liquor product in the Russian Federation.

38.     On or after July, 2009, the Sincerite Plaintiffs undertook to and did aggressively promote the Paul Masson brandy line in the territory of the Russian Federation.

39.     On or after July, 2009, the Sincerite Plaintiffs invested and expended significant moneys, time and resources to position Paul Masson as a premium brand of American brandy as among Russian consumers and liquor retail outlets.

40.     On or after July 2009, the Sincerite Plaintiffs dutifully imported, promoted and sold the remaining Liquor Brands including, without limitation, the newly added Paul Masson line of brandies, in the territory of the Russian Federation without objection or complaint from the Constellation Defendants.

41.     The distribution and sale of the Liquor Brands in the wake of the corporate reorganization was by no means problem-free.

42.     Between July 2009 and November 2010, the Sincerite Plaintiffs suffered through: (a) sudden price increases which rendered certain Liquor Brands less competitive in the marketplace; (b) a delay of approximately one (1) month in the very first shipment of Paul Masson brandy on the heels of strong promotional push; (c) the delivery of Paul Masson products with sediment and impurities which rendered said product unfit for sale and consumption; (d) incomplete shipments that did not conform to quantities actually ordered; (e) shipment of products that had been cancelled in a timely manner; (f) shipment of products with damages packaging; and (g) other problems associated with the distribution and sale of the Liquor Brands.

-7-

43.     Yet despite these problems, the Sincerite Plaintiffs continued to import, promote and sell the Liquor Brands including, without limitation, the newly added Paul Masson line of brandies, in the territory of the Russian Federation without objection or complaint from the Constellation Defendants.

44.     In the course of distributing and promoting the Liquor Brands, the Sincerite Plaintiffs expended in excess of $1,000,000 in marketing and advertising expenses.

45.     As is customary in the industry, in the course of distributing the Liquor Brands the Constellation Defendants, from time to time, subsidized marking expenses incurred by the distributor which directly and/or indirectly benefited the supplier.

46.     At all times relevant hereto, these "up-front" costs, which included entrance fees paid to retail outlets, were subsidized, in whole or in part, through discounts offered by the Constellation Defendants on future purchases of Liquor Brands.

47.     By email dated May 27, 2010, Andrey Grumondz, the Constellation Defendants' Director of Sales for Russia & Eastern Europe, represented that the Sincerite Plaintiffs' investment in the "Metro" chain would be supported through a $4,500 discount applied to the next seven (7) containers shipped to the Sincerite Plaintiffs over the next eighteen (18) months. Exhibit "D".

48.     Therefore, based on this and other communications between the parties, the Sincerite Plaintiffs reasonably expected that the distribution relationship would continue for a reasonable period of time and that the Constellation Defendants would continue to ship goods for a sufficient period of time so as to enable the Sincerite Plaintiffs to recoup expenses incurred for the parties' mutual benefit and secure an appropriate return on investment.

-8-

49.     In this regard, the Sincerite Plaintiffs continued to dutifully purchase, distribute and promote the Liquor Brands and the Constellation Defendants' goodwill both before and after April 2010 without comment, question or objection from the defendants.

50.     In or around October 21, 2010, the Sincerite Plaintiffs informed Erwin Petznek, CWNA's Director of Export Development Europe, that the Sincerite Plaintiffs had made arrangements to market and promote the retained Liquor Brands at upcoming liquor fairs.

51.     In response to the October 21, 2010 communication, the Constellation Defendants encouraged the Sincerite Plaintiffs to continue with their promotional efforts.

52.     In the same October 21, 2010 communication, the Sincerite Plaintiffs also informed Defendants that certain Paul Masson shipments contained sediment and/or impurities that did not comply with Russian liquor purity standards and rendered the products unfit for sale in Russia.

53.     In response to the complaints, the Constellation Defendants agreed to investigate the circumstances surrounding the damaged products and further agreed to replace the defective products.  At no time did the Constellation Defendants give the Sincerite Plaintiffs any indication that the distribution agreement would be suddenly and abruptly terminated.

54.     Shortly thereafter, on or about November 15, 2010, the Constellation Defendants sent a notice directed to the Sincerite Plaintiffs' *customers*, indicating that effective December 1, 2010, distribution of the Black Velvet Whiskey, Black Velvet Reserve Whiskey, Paul Masson VS Brandy and Paul Masson VSOP Brandy would be distributed by Rotor House, Constellation's new "official distributor and agent" in Russia.  Exhibit "E".

55.     A copy of the notice was not contemporaneously sent to the Sincerite Plaintiffs.

56.     By email dated November 17, 2010, Constellation's Russian agent, Mr. Andrey Grumondz, notified Sincerite that the distributorship agreement, which had been in place for a

-9-

decade, was terminated "*as of today*" and that "this decision was taken due to continuous [sic] failure of Sincerite to execute yearly sales targets." Exhibit "F".

57.     By that same email, Sincerite was informed that the Constellation Defendants granted *exclusive* distribution rights over Black Velvet, Paul Masson and Svedka to Rotor House, LLC ("Rotor House").

58.     Then, on November 23, 2010, the Constellation Defendants sent a second letter which differed, in material respects, to the termination notice given on November 17, 2010. Exhibit "G".

59.     The November 23, 2010 letter indicated that the "non-exclusive Contract of Agency" between Constellation Wines North America and ABD Company expires on December 31, 2010. The letter went on to state that "upon expiration, ABD Company, Sincerite, Cordell Distribution and Cordell International" will no longer have distribution rights in Russia."

60.     After ten (10) years of operating a successful importation and distribution business, through which the Sincerite Plaintiffs expended substantial time and monetary investment creating and building a market for the Liquor Brands and, particularly, Black Velvet and Black Velvet Reserve, the Constellation Defendants terminated the Sincerite Plaintiffs' contractual rights with no advance notice whatsoever.

61.     The lack of notice and/or adequate notice provided by the Constellation Defendants to the Sincerite Plaintiffs provided the Sincerite Plaintiffs with no legitimate time or opportunity to cover or to locate and purchase substitute products or to enter into a similar importation and distribution agreement with the manufacturer or supplier of other alcoholic beverages.

62.     The Sincerite Plaintiffs' agreement with the Constellation Defendants lasted for a period of approximately ten (10) years, creating an ongoing course of dealing between the parties for the purchase, shipment and distribution of the various Liquor Brands.

-10-

63.     As a direct result of the Constellation Defendants' termination of the importation and distribution agreement with the Sincerite Plaintiffs, effectively with no notice, the Sincerite Plaintiffs have suffered and continue to suffer direct and ongoing damages.

## COUNT I
## PLAINTIFFS V. DEFENDANTS
## BREACH OF CONTRACT

64.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if set forth at length herein.

65.     By reason of the aforesaid, the Constellation Defendants, *inter alia*, reneged on the Sincerite Plaintiffs' rights to import and distribute the Liquor Brands within the Russian Federation without notice or warning and/or without providing the Sincerite Plaintiffs with reasonable notice of termination of the agreement.

66.     This termination of the importation and distribution agreement by the Constellation Defendants without reasonable notice constitutes a violation of New York Commercial Code § 2-309, which provides that an indefinite distributorship lasts for a reasonable duration and is only terminable upon reasonable notice.

67.     By reason of the aforesaid, the Constellation Defendants herein severely damaged the Sincerite Plaintiffs' business interests and have caused the Sincerite Plaintiffs to sustain damaged in excess of $1,000,000.00.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000, along with costs, fees, and any other relief that this Court deems necessary and appropriate.

-11-

## COUNT II
## PLAINTIFFS V. DEFENDANTS
## PROMISSORY ESTOPPEL – DETRIMENTAL RELIANCE

68.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if set forth at length herein.

69.     Beginning in 2000, and in the course of the parties ten (10) year business relationship, the Constellation Defendants, their predecessors in interest, and divested or otherwise absorbed subsidiaries and affiliates, *inter alia*, (a) induced the Sincerite Plaintiffs to introduce and heavily promote the Liquor Brands and to expend significant amounts of time and money creating and building a brand for the Liquor Brands and, particularly, Black Velvet and Black Velvet Reserve, within the Russian Federation; (b) represented to the Sincerite Plaintiffs that they were a primary importer and distributor of the Liquor Brands within the Russian Federation; and (c) represented to the Sincerite Plaintiffs that in addition to its importation and distribution rights over the Liquor Brands, that it had the right and ability to make use of the Liquor Brands' respective marks and logos in connection with the branding, marketing and sales of the Liquor Brands within the Russian Federation.

70.     The Constellation Defendants reasonably expected that the aforementioned representations and assurances would induce action and/or forbearance on the part of the Sincerite Plaintiffs.

71.     As a result of their ongoing and successful ten (10) year importation and distribution agreement with the Constellation Defendants and their predecessors, subsidiaries and affiliates, the Sincerite Plaintiffs reasonably relied upon the Constellation Defendants' representations and assurances.

-12-

72.    As set forth above, the Sincerite Plaintiffs actually took action and/or refrained from taking action in reliance on the promises, assurances and representations made by the Constellation Defendants by, *inter alia*, expending substantial amounts of time and money marketing, promoting and branding the Liquor Brands within the Russian Federation as premium spirits and by entering into agreements with distributors, stores and markets for the sale of the Liquor Brands.

73.    By reason of the aforesaid, the Constellation Defendants severely damaged the Sincerite Plaintiffs' business interests and have caused the Sincerite Plaintiffs to sustain damaged in excess of $1,000,000.00.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000, along with costs, fees, and any other relief that this Court deems necessary and appropriate.

## COUNT III
## PLAINTIFFS V. DEFENDANTS
## UNJUST ENRICHMENT

74.    Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if set forth at length herein.

75.    By reason of the aforesaid, the Sincerite Plaintiffs conferred a benefit upon the Constellation Defendants by, *inter alia*, opening retail outlets, creating and building brand exposure, recognition and loyalty for the respective Liquor Brands and, in particular, Black Velvet and Black Velvet Reserve as premier spirits within the Russian Federation market.

76.    The Constellation Defendants knowingly accepted, received and retained the benefits conferred upon them by virtue of their relationship with the Sincerite Plaintiffs.

77.    The Constellation Defendants were unjustly enriched as a result of retaining the above-referenced benefits from the Sincerite Plaintiffs without compensating the Sincerite Plaintiffs

-13-

for the conferment of those benefits. By summarily terminating the importation and distribution agreement for the Liquor Brands without sufficient or reasonable notice, the Constellation Defendants have retained the value of the Sincerite Plaintiffs' work, expenses and effort in creating and building brand recognition and loyalty within the Russian Federation without compensating the Sincerite Plaintiffs for same.

78.     The retention of those benefits by the Constellation Defendants received by virtue of their unlawful conduct is manifestly unjust.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000, along with costs, fees, and any other relief that this Court deems necessary and appropriate.

## COUNT IV
## PLAINTIFFS V. DEFENDANTS
## TORTIOUS INTERFERENCE WITH CONTRACT

79.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if set forth at length herein.

80.     The Sincerite Plaintiffs had valid and enforceable contracts and agreements with various stores and distributors of alcoholic spirits and beverages within the Russian Federation.

81.     The Constellation Defendants had actual knowledge of those contracts, agreements and relationships.

82.     By reason of their breach of the aforesaid importation and distribution agreement, the Constellation Defendants interfered with the Sincerite Plaintiffs' contractual relationship with the said stores, customers and distributors.

83.     The Constellation Defendants acted with the specific intent to interfere with the Sincerite Plaintiffs' actual and existing contractual relationships.

-14-

84.    The Sincerite Plaintiffs have been damaged by the Constellation Defendants' intentional interference with their contracts, agreements and relationships.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000, along with costs, fees, and any other relief that this Court deems necessary and appropriate.

**COUNT V**
**PLAINTIFFS V. DEFENDANTS**
**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

85.    Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if set forth at length herein.

86.    The Sincerite Plaintiffs had business relationships with a number of customers and potential customers who were interested in purchasing the Liquor Brand products through the Sincerite Plaintiffs.

87.    By reason of their termination of the importation and distribution agreement, the Constellation Defendants interfered with the Sincerite Plaintiffs' prospective business relationships.

88.    The Constellation Defendants acted with the intent to cause harm to the Sincerite Plaintiffs' actual and prospective business relationships.

89.    The Sincerite Plaintiffs have been damaged by the Constellation Defendants' interference with their actual and prospective business relationships.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000, along with costs, fees, and any other relief that this Court deems necessary and appropriate.

-15-

## COUNT VI
### PLAINTIFFS V. DEFENDANTS
### COMMON LAW FRAUD

90.     Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if set forth at length herein.

91.     At all times relevant hereto, the Constellation Defendants encouraged the Sincerite Plaintiffs to incur additional costs associated with the Black Velvet product line including, without limitation, significant listing fees paid to retail outlets to secure product shelf space.

92.     At all times relevant hereto, the Constellation Defendants encouraged the Sincerite Plaintiffs to incur additional costs associated with the introduction of the Paul Masson product line in the territory of the Russian Federation.

93.     At all times relevant hereto, the Constellation Defendants assured the Sincerite Plaintiffs that said costs would be recouped through profits realized over the course of the parties' relationship.

94.     It is believed and therefore averred that following the corporate reorganization that took place in or around January 2009, the Constellation Defendants did not intend to continue their relationship with the Sincerite Plaintiffs.

95.     Notwithstanding the foregoing, the Constellation Defendants, through their silence, fraudulently induced the Sincerite Plaintiffs into making additional investments into the acquisition and distribution of the Liquor Brands.

96.     Additionally, by reason of the aforesaid silence and active concealment, the Sincerite Plaintiffs forewent opportunities to acquire and distribute other liquor products.

97.     By reason of the aforesaid, the Sincerite Plaintiffs have suffered damages in excess of $75,000.

-16-

98.    The conduct of the Constellation Defendants is willful, wanton and outrageous, thereby justifying the award of punitive damages.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000, along with costs, fees, and any other relief that this Court deems necessary and appropriate together with punitive damages.

## COUNT VII
## PLAINTIFFS V. DEFENDANTS
## NEGLIGENT MISREPRESENTATION

99.    Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if set forth at length herein.

100.    At all times relevant hereto, the Constellation Defendants encouraged the Sincerite Plaintiffs to incur additional costs associated with the introduction of the Paul Masson product line in the territory of the Russian Federation.

101.    At all times relevant hereto, the Constellation Defendants assured the Sincerite Plaintiffs that said costs would be recouped through profits realized over the course of the parties' relationship.

102.    It is believed and therefore averred that following the corporate reorganization that took place in or around January 2009, the Constellation Defendants did not intend to continue their relationship with the Sincerite Plaintiffs.

103.    The Constellation Defendants allowed and, in fact, encouraged the Sincerite Plaintiffs to incur additional costs and expenses associated with the promotion, distribution and sale of the Liquor Brands and the expansion of the distribution relationship to include Paul Masson products despite knowledge, actual and constructive, that the relationship would be severed.

-17-

104. The Constellation Defendants remained silent and/or concealed material facts when, in fact, they had a duty to speak.

105. By reason of the aforesaid, the Sincerite Plaintiffs have suffered damages in excess of $75,000.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000, along with costs, fees, and any other relief that this Court deems necessary and appropriate.

### COUNT VIII
### PLAINTIFFS V. DEFENDANTS
### BREACH OF FIDUCIARY DUTY

106. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if set forth at length herein.

107. At all times relevant hereto, the parties were "joint venturers" within the meaning of New York law.

108. As joint venturers, at all times relevant hereto, the Constellation Defendants owed fiduciary duties to the Sincerite Plaintiffs.

109. By reason of the aforesaid, the Constellation Defendants breached their fiduciary obligations to the Sincerite Plaintiffs.

110. By reason of the aforesaid breach, the Sincerite Plaintiffs have been harmed in an amount in excess of $75,000.

111. In addition, the breach was intentional and willful thereby justifying the award of punitive and/or exemplary damages.

-18-

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000, along with costs, fees, and any other relief that this Court deems necessary and appropriate together with punitive damages.

## COUNT IX
## PLAINTIFFS V. DEFENDANTS
## COMMERCIAL DISPARAGEMENT

112. Plaintiffs incorporate by reference the preceding paragraphs of this Complaint as if set forth at length herein.

113. The Constellation Defendants had no direct relationship with retail outlets within the Russian Federation that carried the Liquor Brands.

114. At the time of termination, the Sincerite Plaintiffs had additional inventory on hand.

115. At the time of termination, the Constellation Defendants informed the Sincerite Plaintiffs' customers that the Sincerite Plaintiffs had been stripped of their right to sell the aforementioned Liquor Brands.

116. At the time of termination, the Sincerite Plaintiffs had legal title to products that were purchased and warehoused as inventory and enjoyed the right to re-sell said products.

117. The communication made by the Constellation Defendants to the Sincerite Plaintiffs' customers was false, disparaging and injurious to the Sincerite Plaintiffs' business reputation.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants, jointly and severally, in an amount in excess of $1,000,000, along with costs, fees, and any other relief that this Court deems necessary and appropriate together with punitive damages.

-19-

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues properly so tried.

Dated:  November 16, 2011
New York, New York

FOX ROTHSCHILD LLP

By: _____
Ernest Badway, Esquire (EB 0105)
100 PARK AVENUE, SUITE 1500
NEW YORK, NY 10017
(212) 878-7900 (TEL)
(212) 69200940 (FAX)
E-Mail:  ebadway@foxrothschild.com
*Attorneys for Plaintiffs*

OF COUNSEL

(Pending Pro Hac Vice Admission)
Ely Goldin, Esquire
10 Sentry Parkway, Suite 200
P.O. Box 3001
Blue Bell, PA 19422-3001
(610) 397-6500 (tel)
(610) 397-0450 (fax)
E-Mail: egoldin@foxrothschild.com

# EXHIBIT "A"



**Constellation**

Constellation Brands, Inc.
370 Woodcliff Drive
Fairport, New York 14450
Phone 585-218-3600
Fax 585-218-3601

January 12, 2009

Dear International Partners,

Today, Constellation Brands entered into an agreement to sell a significant portion of its Barton Incorporated spirits business to Sazerac Company, Inc. Constellation Brands will retain select premium spirits brands that have scale, brand equity and meaningful profitability, and transition them into the Constellation Wines U.S. portfolio.

This transaction furthers Constellation's strategy of focusing on higher-growth, higher margin brands and creating a more focused go-to-market strategy across wine and spirits. We will create a single management structure in the U.S. responsible for the sales, marketing and production of both wine and spirits, simplifying and strengthening Constellation's U.S. business.

SVEDKA Vodka will continue to be managed by Spirits Marque One and will retain its dedicated marketing and sales team. Black Velvet, MacNaughton and other Canadian whiskies will become part of the Centerra Wine Company portfolio.

Marty Birkel will join Constellation Wines North America as President, Constellation Spirits and Specialty Wines reporting directly to José Fernandez, President and CEO of Constellation Wines North America. In this newly created position, Marty will have responsibility for the spirits brands and operations as well as Centerra Wine Company. Tim Richenberg will continue to lead Centerra Wine Company with its expanded portfolio as President and will report to Marty.

Andy Berk will continue as a member of Constellation's Executive Management Committee and will also continue to guide the Crown Imports beer joint venture as a board member and lead the shared services organization supporting Crown Imports as CEO and President.

Our management teams will be working over the next few weeks to create a detailed transition plan. We anticipate finalizing the transition plan by the close of the transaction, which is subject to customary regulatory review and approvals, and is expected to occur by the end of our fiscal year.

Until the close of the transaction, we will continue to sell and manage all Barton spirits brands on a business-as-usual basis. As the transition plan develops, we will be in touch with you to detail what this means to you and your business partnership with Constellation Brands.

We thank you in advance for your continued support during this transition.

Sincerely,

Andy Berk
President and CEO
Barton Incorporated

José Fernandez
President and CEO
Constellation Wines North America

**EXHIBIT "B"**

----- Original Message -----
**From:** guy.may@cspirits.com
**To:** guy.may@bartoninc.com
**Sent:** Tuesday, January 13, 2009 7:59 PM
**Subject:** Constellation announcement

Dear Friends,

As many of you have heard, Constellation Brands has elected to sell a number of brands from our spirits portfolio to the Sazerac Company, Inc.  I have attached the formal announcement below for your review.

The details of the transition plan are forthcoming and I will keep you updated  on any impact to your business as more information is available.   This transaction is not anticipated to impact the business of the brands that Constellation is retaining which includes Svedka Vodka, Black Velvet, Black Velvet Reserve, OFC and Golden Wedding.  I will be involved in the transition and will do my best to ensure that any transition is conducted as smoothly as possible.

 In the meantime, please continue to manage our business and brands on a  "business as usual" basis.

Thank you for your continued support.


Best regards

Guy


Guy W May
Vice President, Export Sales
Constellation Spirits, Inc.
Tel: +312 873 9245
Mob: +312 953 6872
guy.may@cspirits.com

# EXHIBIT "C"



## Constellation Spirits

A CONSTELLATION BRANDS COMPANY

Constellation Spirits Inc.
1 S. Dearborn Street
Suite 1700
Chicago, IL 60603

P (312) 346-9200
F (312) 855-1220

January 14, 2009

Dear Customer:

As announced this past Monday, January 12, both Constellation Spirits Inc. ("CSI") and its value spirits portfolio are in the process of being sold to Sazerac Company, Inc. ("Sazerac"). This transaction is expected to close sometime in mid to late February 2009. Accordingly, as one of our wholesaler partners, I am writing to provide you with additional details regarding the future status of all Constellation Spirits brands.

Please note that, until the closing, it remains business as usual. You should continue to place your orders for all CSI brands (both sold & retained) as you do now, and continue to work with your current CSI field sales personnel.

In order to minimize any potential future business disruption risks, it is recommended that you maintain your historical inventory levels and days of supply.

At the closing of the sale transaction, CSI's current portfolio will be divided between Sazerac and CSI's newly-formed affiliate, Constellation Spirits and Specialty Wines, a division of Constellation Brands, Inc. ("CSSW") as described below. SVEDKA will continue to be sold and marketed by Constellation's Spirits Marque One LLC ("SMO") group.

**1.  BRANDS BEING RETAINED BY CONSTELLATION SPIRITS AND SPECIALTY WINES**:  These brands are NOT being sold to Sazerac, and will be distributed by CSSW after the closing. The major brands that fall into this category are Black Velvet and Black Velvet Reserve. A complete list of these brands can be found on <u>Attachment 1</u>.

Prior to the closing, you will receive from CSSW revised instructions on how to order these products on a moving forward basis. Up until the closing, these products will continue to be sold by CSI, and all orders must be placed through CSI.

The terms of your current distributor agreement with CSI for the representation of these brands will be adopted by CSSW as the contractual basis of your on-going relationship with respect to the retained brands.

**2.  BRANDS BEING SOLD TO SAZERAC**:  The brands which ARE being acquired by Sazerac are listed on <u>Attachment 2</u>. During the next several weeks, Sazerac will make its own decisions about the future distribution and broker networks for the brands it is purchasing, and will then enter into their own agreements. <u>Therefore, unless the terms of your contract with CSI (or local law) provide otherwise, your CSI contract is hereby terminated as of February 14, 2009 or the date of the closing of the transaction, whichever is later.</u>

Additionally, as mentioned previously, this transaction has NO EFFECT on SVEDKA vodka.  SVEDKA will continue to be managed and sold by SMO, which will retain its dedicated marketing and sales team. There are no changes to the marketing, selling or ordering for SVEDKA.

Finally, so that CSI may wrap up its dealings on the brands being sold to Sazerac with you in an orderly manner, please make sure that CSI receives, on or before February 28, 2009, all invoices for promotional spending, allowances, discounts, incentives, samples and any other expenses in connection with any sales, depletions or any other activities conducted prior to closing of the transaction.

**Remember, until the close of this transaction, maintain business as usual. Continue to place all orders with CSI to meet your inventory needs.**

All of us at Constellation Spirits are grateful to have had the opportunity to work with you on the brands we are selling and look forward to aggressively building our business on Black Velvet, SVEDKA and the balance of our retained brands.

Sincerely,

CONSTELLATION SPIRITS INC. and
CONSTELLATION SPIRITS AND SPECIALTY WINES


Marty Birkel
President

**ATTACHMENT 1**

<u>Brands Being RETAINED by Constellation Companies</u>

Balblair Scotch
Black Velvet Reserve Canadian Whisky
Golden Wedding Whisky
O.F.C. (Original Fine Canadian)
Royal Command
Speyburn Scotch
Barclay's (Family)
Corby's (Family)
MacNaughton
Old Pulteney Scotch
Schenley (Family)
Black Velvet (Canadian Whisky
Danfield's Private Reserve Whisky
McMasters
Order of Merit
Silver Wedding

**Attachment 2**

Brands Being SOLD to Sazerac

| | | |
|---|---|---|
| 99 (Family) | Barton 5 Star Brandy | Barton California Deluxe Brandy |
| Barton Canadian Whisky | Barton Gin | Barton Long Island Iced Tea |
| Barton Peach Schnapps | Barton Premium Blend Whiskey | Barton Reserve Blend Whiskey |
| Barton Rum | Barton Triple Sec | Barton Vodka |
| Barton Wave Vodka (Family) | Calypso (Family) | Canadian Host Whisky |
| Canadian Ltd. Whisky | Canadian Supreme Whisky | Capitan Tequila |
| Caravella (Family) | Chi Chi's (Family) | Colonel Lee (Discontinued) |
| Crystal Palace Gin | Crystal Palace Vodka | Czarina Gin |
| Czarina Vodka | Diamore (Family) | El Toro Tequila (Family) |
| Fleischmann's Blend | Fleischmann's Preferred Whiskey Blend | Fleischmann's Brandy |
| Fleischmann's CSR Brandy | Fleischmann's Gin | Fleischmann's Pure Rye (Discontinued) |
| Fleischmann's Rum | Fleischmann's Vodka (Family) | Fourth Colony Gin |
| Fourth Colony Vodka | Glenmore Gin | Glenmore Special Reserve Vodka |
| Hartley's Brandy | Highland Mist Scotch | House of Stuart Scotch |
| Imperial Blend Whiskey | Inverhouse Scotch | Jacques Bonet Brandy |
| Kentucky Gentleman Bourbon-a-Blend | Kentucky Gentleman Bourbon | Kentucky Tavern Bourbon |
| Lauders Scotch | Meukow Cognac | Montaillac Cognac |
| Monte Alban | Montezuma Tequila (Family) | Montezuma Blue Tequila |
| Montezuma Triple Sec | Mr. Boston (Family) | Mr. Boston Schnapps |
| Mr. Boston Brandy | Mr. Boston 5-Star Brandy | Mr. Boston 5 Star Canadian |
| Mr. Boston Cocktails | Mr. Boston Cordials | Mr. Boston Flavored Brandy |
| Mr. Boston Gin | Mr. Boston Rocking Chair Blend | Mr. Boston Rum |
| Mr. Boston Vodka (Family) | Naked Jay Vodka | Northern Light Canadian Whisky |
| Old Thompson Blend Whiskey | Olo Rum | Pikeman Gin (Being Discontinued) |
| Ridgemont Reserve 1792 | Royal Award Gin | Royal Award Vodka |
| Royal Club Blend Whiskey | Royal Embassy Gin | Royal Embassy Brandy (Discontinued) |
| Royal Embassy Vodka | Sabroso (Family) | Skol Blue Lightning Vodka (Discontinued) |
| Skol Rum | Skol Gin | Skol Vodka (Family) |
| Ten High Blend Bourbon-a-Blend | Ten High Bourbon | Tom Moore Bourbon |
| Very Old Barton Bourbon | Wide Eye Schnapps (Family) | Effen Vodka (Family) |
| Effen Black Cherry Vodka | Effen Raspberry Vodka | |

# EXHIBIT "D"

| From: | Andrey.Grumondz@cbrands.eu.com |
|---|---|
| Sent: | Thursday, May 27, 2010 12:52 PM |
| To: | mfilimonov@cognac.ru |
| Subject: | Fw: Price changes in Russia. |

Миша, привет.

Новости следующие:

1) Листинг в Метро - подтвердили следующее: 41 магазин - 7 дополнительных контейнеров за 18 ближайших месяцев - инвестиция USD 4.500 за контейнер

на основании выставленного тобой инвойса.

2) X5 - не подтвердили, мы слишком мало зарабатываем на PM.

3) В середине июня будут прайс с новыми ценами и соглашение.

4) Svedka - старая цена остается, но убирается A&P.

5) PM quality - проверяем.

Best regards,

Andrey Grumondz

Director of Sales, Russia & Eastern Europe

mobile +7 903 777 3613


----- Forwarded by Andrey Grumondz/CE/Emea/CBI on 26/05/2010 19:09 -----

Andrey Grumondz/CE/Emea/CBI

19/05/2010 10:53

To  <mfilimonov@cognac.ru>
cc
Subject  Fw: Price changes in Russia.


Миша, привет.

еще раз спасибо за вчерашний обед.

Включи, пожалуйста, в свое письмо описание ситуации с осадком в ром массоне

Best regards,

Andrey Grumondz

Director of Sales, Russia & Eastern Europe

mobile +7 903 777 3613


----- Forwarded by Andrey Grumondz/CE/Emea/CBI on 19/05/2010 10:52 -----

Andrey Grumondz/CE/Emea/CBI

11/05/2010 14:36

To  <mfilimonov@cognac.ru>
cc
Subject  Fw: Price changes in Russia.


Миша, привет.

ниже сообщение от Эрвина об увеличении цен.

Best regards,

Andrey Grumondz

Director of Sales, Russia & Eastern Europe

mobile +7 903 777 3613


*Black Velvet regular*

*12x70cl - currently at $32.20 USD new Price $35*
*12x70cl with Cylinder - currently at $42.85 USD new Price $45*
*12X1L  with Cylinder - currently at $53.25 USD new  Price $55*

*As well please find enclosed the Price Increases for Svedka.*

*12x75cl SVEDKA CITRON - currently at $36 USD new Price $40*
*12x75cl SVEDKA CLEMENTINE  - currently at $36 USD new Price $40*
*12x75cl SVEDKA RASPBERRY  - currently at $36 USD new  Price $40*
*12x75cl SVEDKA VANILLA  - currently at $36 USD new  Price $40*
*12x75cl SVEDKA VODKA  - currently at $36 USD new Price $40*

Thanks,

 Erwin Petznek
Director of Exports UK/Europe
CWUS International Division
1265 Battery Street, Suite 300
San Francisco, CA 94111
Cell #(415)260-0117

(1) Constellation Europe Limited is part of the Constellation Brands Inc. group of companies.  (2) This e-mail is intended for the named recipient(s)

Visit our web site at www.cbrands.eu.com

# EXHIBIT "E"



# Constellation Wines
## North America

A CONSTELLATION BRANDS COMPANY

November 15, 2010

Dear Sir or Madam:

Please be advised that as of Dec 1st 2010 Rotor House will be the official distributor and agent for the following Constellation Brands in Russia:

    Black Velvet Whiskey

    Black Velvet Reserve Whiskey

    Paul Masson VS Brandy

    Paul Masson VSOP Brandy


If there any questions during this transition of our Branded Spirits business please do not hesitate to contact Constellation through Andrey Grumondz (+7 903 777 3613) in market.



Sincerely,


Erwin Petznek
Director of Export Development Europe
Constellation Wines North America

# EXHIBIT "F"

# *САНСЕРИТЕ*

*109382 г. Москва,ул.Искры, д. 31, стр. 1 ;*
*Тел.  095/970-12-43*
*Факс.  095/933-15-41*
*E-mail: info@cognac.ru, www.cognac.ru*

*ATTN:* Erwin Petznek
Director of Exports UK/Europe
CWUS International Division
1265 Battery Street, Suite 300
San Francisco, CA 94111
*Date: 19.11.2010*
Fax including 2 pages.

----- Original Message -----
**From:** mfilimonov@cognac.ru
**To:** Andrey.Grumondz@cbrands.eu.com
**Cc:** Erwin.Petznek@cwine.com ; Andrey.Sekret@cbrands.eu.com
**Sent:** Friday, November 19, 2010 7:39 PM
**Subject:** Re: cooperation with Sincerite

Andrey,

This is to acknowledge the receipt of your email of November 17th, 2010.

Without any prejudice, we would like to inform you that the content as well as the fact of such email has surprised us very deeply.

Having said the above, we categorically do not disagree to accept the termination of the existing since 2001 relationship as such nor do we accept the form and the reason for such attempt to terminate our contract.

As it follows, we will get in touch with you as soon as practicable after having considered the implications of your actions for our business.

To conclude we reserve all our rights pertaining to the existing contract, including seeking the external legal advice in Russia as well as the United States.

Please acknowledge the receipt of this knowledge.

Regards

Mikhail Filimonov

On behalf of Sinserite

Cc. Per fax to Mr. Erwin Petznek

----- Original Message -----
**From:** Andrey.Grumondz@cbrands.eu.com
**To:** mfilimonov@cognac.ru
**Cc:** Erwin.Petznek@cwine.com ; Andrey.Sekret@cbrands.eu.com
**Sent:** Wednesday, November 17, 2010 4:28 PM
**Subject:** cooperation with Sincerite

Mikhail,

this is to inform you that the decision was taken by Constellation to terminate distribution of our brands in Russia through Sincerite company as of today,

*ИНН 7715279836;ОКПО 57067171; ОКВЭД 51.34, 52.25;*
*p/c 40702810300000001527 в КБ «Альта - Банк»*
*к/c 30101810900000000424, БИК 044525424;*

November 17, 2010. This decision was taken due to continuous failure of Sincerite to execute yearly sales targets.

We also inform you that Black Velvet whiskey, Paul Masson brandy and Svedka vodka will be distributed in Russia by the company Rotor House

on exclusive basis. Rotor House managers will approach you to make a mutually suitable decision on remaining stock transfer.

We wish you success in your future business,

Best regards,

Andrey Grumondz

Director of Sales, Russia & Eastern Europe

mobile +7 903 777 3613

(1) Constellation Europe Limited is part of the Constellation Brands Inc. group of companies.   (2) This e-mail is intended for the named recipient(s) and is confidential, it may not be disclosed to or used by anyone else; if you have received this e-mail in error please advise us immediately.   (3) We cannot accept liability for any damage you sustain as a result of software viruses contained in this e-mail or any of its attachments.   (4) Any views expressed by an individual within the contents of this e-mail do not necessarily reflect the views of the Company.   (5) We reserve the right to monitor, intercept and record incoming and outgoing e-mails for the purpose of protecting our business and to ensure regulatory compliance.

Visit our web site at www.cbrands.eu.com

ИНН 7715279836;ОКПО 57067171; ОКВЭД 51.34, 52.25;
р/с 40702810300000001527 в КБ «Альта – Банк»
к/с 30101810900000000424, БИК 044525424;

# EXHIBIT "G"



# Constellation Wines
**North America**

A CONSTELLATION BRANDS COMPANY

**VIA E-MAIL**

November 23, 2010

Dear Mr. Filimonov:

This is to confirm, for good order's sake, that the non-exclusive Contract of Agency between Constellation Wines North America and A.B.D. Company expires on 31 December 2010.

Upon expiration, A.B.D. Company, Sincerite, Cordell Distribution and Cordell International will no longer have distribution or agency rights in Russia for the following Constellation brands:

- Black Velvet Whiskey
- Black Velvet Reserve Whiskey
- Paul Masson VS Brandy
- Paul Masson VSOP Brandy
- Svedka Vodka

As you are well aware, we have communicated to you our dissatisfaction with your repeated failure to achieve, or even come close to achieve, agreed upon volume goals over the last two years. We are disappointed with this material under-performance to date and are left with no choice but to transition to the new distributor.

Rotor House LLC will contact you to arrange for the purchase of any remaining inventory of Constellation products.

We wish you luck in your future business endeavors.

Very truly yours,

Ken R. Minami
Vice President and Associate General Counsel
Constellation Wines N.A.